151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lucius O'BANNER, Plaintiff-Appellant,
v.
James W. BIZZELL and Arthur Brewer Defendants-Appellees.
 No. 97-3518.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 92 C 7435. John A. Nordberg, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Lucius O'Banner filed an action under 42 U.S.C. § 1983 against Dr. James Bizzell and Dr. Arthur Brewer, respectively an ophthalmologist and the former Medical Director at Stateville Correctional Center. O'Banner alleged that the defendants, by failing properly to treat his glaucoma or to arrange treatment for it, violated his Eighth Amendment right to be free from cruel and unusual punishment. The district court held that O'Banner had failed to raise a genuine issue of material fact; accordingly, the court granted the defendants' motion for summary judgment. We affirm.
 
 Background
 
 2
 Lucius O'Banner was incarcerated at Stateville Correctional Center from August, 1990 to March, 1993. O'Banner had been treated for glaucoma since 1980. Glaucoma involves an increase of pressure in the eye that can result in blindness if untreated, as built-up pressure can destroy the optic nerve. Shortly after O'Banner's arrival at Stateville, a member of the Stateville medical staff examined him and prescribed Timoptic, a medication for treating glaucoma. On September 21, 1990, Dr. Bizzell examined O'Banner for the first time, diagnosed him with right eye advanced optic atrophy, and continued prescribing Timoptic. O'Banner was almost blind in his right eye at that time.
 
 
 3
 Subsequently, Bizzell examined and treated O'Banner on at least ten occasions in 1991 and 1992. During these examinations Bizzell checked and recorded the pressures in O'Banner's eyes. Bizzell reported that the pressures were controlled or normal.
 
 
 4
 Dr. Brewer was the Stateville Medical Director during O'Banner's period of incarceration there. Brewer examined O'Banner on various occasions, including August 5, 1991; October 7, 1991; April 6, 1992; and March 10, 1993. O'Banner wrote several letters to Brewer complaining about his treatment and requesting to consult an outside specialist. In 1992, Brewer approved medical furloughs for O'Banner to see specialists at the University of Illinois Eye Clinic on six different occasions. Results from examinations conducted at the University of Illinois indicated that the pressure in O'Banner's right eye was high. At the recommendation of an outside specialist, Brewer prescribed a different eye-medication, Pilocarpine, on February 25, 1992.
 
 
 5
 On November 12, 1992, O'Banner filed a complaint under 42 U.S.C. § 1983 against Bizzell, Brewer, and Salvador Godinez, then the warden at Stateville. O'Banner alleged that the defendants' treatment of his glaucoma was inadequate and constituted cruel and unusual punishment in violation of the Eighth Amendment. As a result of defendants' inadequate treatment, O'Banner alleged that he had gone blind. O'Banner submitted the affidavit of Dr. Mark Brower, an independent ophthalmologist who reviewed O'Banner's medical records. Brower stated that Bizzell was "grossly negligent" for a long period of time in erroneously checking O'Banner's eye pressures, in erroneously checking his vision, and in failing to administer a visual field test.
 
 
 6
 On July 18, 1995, the district court granted Godinez' motion to dismiss for failure to state a claim. On September 2, 1997, the district court granted summary judgment in favor of Bizzell and Brewer. O'Banner appeals the district court's grant of summary judgment in favor of Bizzell and Brewer. O'Banner does not appeal the dismissal of Godinez.
 
 Analysis
 
 7
 We review a grant of summary judgment de novo; the record and all inferences drawn therefrom will be viewed in the light most favorable to O'Banner, the non-movant. See Johnson v. City of Ft. Wayne, 91 F.3d 922, 930 (7th Cir.1996). A court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 8
 The Eighth Amendment proscribes cruel and unusual punishments. Prison officials violate the Eighth Amendment "when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners." ' Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir.1997) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The standard involves "both an objective element and a subjective element." Id. In the context of medical care, "the objective element requires that the inmate's medical need be sufficiently serious." Id. at 1369. The subjective element requires that an official act with a "sufficiently culpable state of mind": he must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; he must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The conduct "must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir.1995).
 
 
 9
 Glaucoma causes blindness; its progression (and in 1990 O'Banner had been suffering from the disease for ten years) is marked by severe migraine headaches. The disease is manifestly a sufficiently serious medical condition to satisfy the objective element of the deliberate indifference standard.
 
 
 10
 With respect to the subjective element, this court has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir.1997). "Mere negligence or even gross negligence does not constitute deliberate indifference." Snipes V. DeTella, 95 F.3d 586, 590 (7th Cir.1996). A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability." Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir.1994).
 
 
 11
 While we acknowledge Dr. Brower's "opinion to a reasonable degree of medical certainty that Dr. James Bizzell was deliberately indifferent in his treatment of Mr. O' Banner's serious medical condition" (R. # 56, Attach. to Pl.'s Resp. to Defs.' Mot. for Summ. J. at 1), ultimately we agree with the district court's determination that O'Banner failed to present a material issue of fact with regard to either of the defendants' state of mind. At most, O'Banner has shown that Bizzell and Brewer were repeatedly and grossly negligent. Bizzell frequently examined O'Banner and prescribed medication; whether he was sufficiently competent in performing his diagnoses is not pertinent to O'Banner's claim that he acted with deliberate indifference. Similarly, Brewer examined O'Banner on numerous occasions and even referred him to outside specialists, whose recommendations he followed in prescribing further treatment.
 
 
 12
 O'Banner has simply not presented any evidence that Brewer and Bizzell acted with actual knowledge of or reckless disregard for a substantial risk to him. Nothing in the record even remotely suggests that either Bizzell or Brewer knowingly disregarded an "impending harm easily preventable." Antonelli, 81 F.3d at 1427. Since O'Banner has failed to come forward with evidence that Bizzell or Brewer conducted themselves in anything other than a negligent manner, we AFFIRM the district court's ruling.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)